## WHITE v. VAN HORN.

1. **Contract:** UNDERSTANDING OF PARTIES. The understanding of a party to a contract, as to the extent of his liability, does not in all cases limit such liability.

2. **Promissory note:** CO-MAKERS. Where G. executed a note to V., who indorsed it to W., after which all of the parties executed a new note to H., for money borrowed by G. to pay the note held by W., it was held, that the presumption was, that W. was the surety in the new note of G. on V.; that it was competent to show an agreement between V. and W. to become the sureties of G.

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 28.

PLAINTIFF claims for money paid for defendant's use. The petition states that plaintiff held the note of one Gaddis, indorsed to him by the defendant, upon which both maker and indorser were liable; that to pay this note they (G. and V.), borrowed money of one Howard, giving their note, with plaintiff as their surety; that petitioner had to pay the same, and for this he has brought suit to recover.

The answer denies the borrowing of money by defendant of Howard, or that plaintiff was his surety, but says that they were the sureties of Gaddis. It also alleges an agreement or arrangement by which plaintiff was to save defendant harmless touching said transaction. Trial: verdict and judgment for defendant, and plaintiff appeals.

*J. M. Elwood* for the appellant.

*M. D. & W. H. McHenry* for the appellee.

WRIGHT, Ch. J. — There is some controversy in the testimony, as to whether the word "surety," following the name of White to the note given for the loan from Howard, was placed there before or after it was signed by Van Horn. In our opinion it makes but little difference as to the legal rights of the parties. Defendant, as the indorser of the Gaddis note, was liable to plaintiff, and in obtaining money to pay this, he would, as to plaintiff in the new note, in the absence of agreement to the contrary, be the principal. Without the addition of the word " surety " therefor, these facts could be shown and the true relation of the parties established.

Both parties were sworn, and there was much conflict as to the agreement at the time of giving the note to Howard,

*Marginal note: 1. CONTRACT: understanding of parties.*

On this subject the court instructed: "If the jury find from the evidence that Van Horn and White did not agree as to their understanding and intention in regard to the relations they would sustain to each other as co-obligers on said note —.White intending to so arrange the matter that he would stand as surety for Gaddis and Van Horn, while Van Horn did not so understand or intend, but went on the note with the understanding and intention that he and White were jointly sureties for Gaddis, then Van Horn is not bound any further than *he understood and intended to be;* and that, independent of any other testimony on the subject, the legal effect of the note, as written and signed, without the word surety added to White's name, would be to bind both equally."

It seems to us that this instruction discriminates improperly in favor of defendant. We know of no rule that limits a party's liability by his own understanding of, or intention in, making a contract. Suppose he had reason to believe that White understood and intended the contract in a different sense from which he (Van Horn) did; then, is not this the rule for judging of his liability, rather than his (Van Horn's) understanding or intention? Of this, it seems to us there can be no doubt. Not only so, but why defendant's, rather than plaintiff's, understanding should prevail, we cannot understand. And how, under this instruction, the jury could have found for the defendant, we cannot well see, for in any view Van Horn was liable in some amount, either as co-surety, co-principal, or (as to White) sole principal. But more of this, in considering the second instruction, which was as follows: "If the jury

2. PROMIS-
SORY NOTE:
co-makers.

find that Van Horn did not request White to become his surety, but went into it with the understanding that he and White were sureties, then he is not liable in this case, though the note was paid on the note of Gaddis, which Van Horn had indorsed to White,

and this whether Van Horn was liable to White on that assignment or not."

If Van Horn was liable on the assignment, then the legal presumption would be, as we have already seen, that on the new note he would, as to Van Horn, become a surety and not the principal.   As this presumption might be sustained by evidence, so on the other hand it might be shown that in order to get the money, they agreed together to become the sureties of Gaddis.   If they did thus agree, then defendant would only be liable as a co-surety on this contract, whatever might be his liability on the old note as indorser.   But in either event Van Horn would be liable in some amount, either for the whole amount, with interest, paid by White, or to his due proportion as co-surety.   So that in any view, the instruction was erroneous, so far as it holds that defendant was not liable upon the facts therein supposed.

Plaintiff also complains of the refusal to give an instruction asked by him.   As it does not clearly appear that there was testimony warranting the rule contended for, we cannot say the refusal was error.   Because, however the court erred in giving instructions above noticed, the judgment is reversed, and a *venire de novo* awarded.